UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES HIGHTOWER,                                                                                         Plaintiff,

v.                                                                                   Civil Action No. 3:19-cv-P61-DJH

AARON SMITH, et al.,                                                               Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff James Hightower, a *pro se* prisoner, filed this 42 U.S.C. § 1983 civil-rights action. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Penitentiary (KSP). He names as Defendants the following KSP employees in their individual and official capacities: Warden Aaron Smith, Unit Administrator Kimberly Thompson, Lieutenant Shawn Carmin, and Adjustment Officer Jayne Hogan.

Plaintiff alleges that on December 1, 2017, Defendants were deliberately indifferent to his safety when they informed him that they were moving him from the restricted housing unit into general population. He alleges that Defendants knew that every time Plaintiff was moved into the general population "he was beat up from hits that were placed on him."

Plaintiff states that when Defendant Carmin came to his cell and told him to pack up his belongings in preparation to move to the general population, Plaintiff "told him no because every time he went to general population a hit was placed on him." Plaintiff states that Defendant

Carmin then issued a disciplinary report for disobeying a direct order. He states that Defendant Hogan found him guilty on the disciplinary report for not returning to the general population. He alleges that Defendant Smith allowed Defendants Thompson, Carmin, and Hogan "to keep placing Plaintiff back into general population and finding him guilty of disciplinary reports."

Plaintiff requests monetary and punitive damages.

Since filing his complaint, Plaintiff filed a supporting memorandum with appendices (Docket No. 9). Among the attachments appears to be a memorandum from Defendant Smith informing Plaintiff that he had dismissed "the write-up" that Plaintiff references in his complaint for his December 1, 2017, refusal to move to general population.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An Eighth Amendment claim also requires an inmate to plead and prove that he suffered some non-*de minimis* physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). Because Plaintiff alleges no injury, he fails to state a claim upon which relief may be granted. *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1010 (S.D. Ohio 2001) (finding failure-to-protect claim failed because plaintiff did not plead that he suffered any physical injury). This reasoning also applies to Plaintiff's claim for punitive damages. *See Dyer v. Hardwick*, No. 10-CV-10130, 2011 WL 4036681, at *8 (E.D. Mich. Aug. 1, 2011), *report and recommendation adopted*, No. 10-CV-10130, 2011 WL 3918412 (E.D. Mich. Sept. 7, 2011). Thus, Plaintiff has not stated an Eighth Amendment claim against Defendants for failure to protect him.

The Court now turns to Plaintiff's allegations that Defendants kept finding him guilty of disciplinary reports having to do with his refusals to go into the general population. First, it is clear from the complaint and other documents filed by Plaintiff that the disciplinary report in question in his compliant was dismissed. Moreover, it is well-settled that "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (and Sixth Circuit cases cited therein), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.

1986)) (finding that the district court properly dismissed a complaint, which alleged that prison officials deliberately issued a false disciplinary report against the plaintiff, as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12cv77, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) (finding that the plaintiff had failed to state a claim for a violation of his due process rights because even "[a]ccepting as true plaintiff's allegation that [the] defendant . . . filed a false conduct report against him," the "act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights") (internal citation and quotation marks omitted), *report and recommendation adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013). Thus, Plaintiff fails to state a claim regarding the imposition of allegedly false disciplinary reports against him.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action for failure to state a claim upon which relief may be granted.

Date: May 28, 2019

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
4415.009

4